IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BRIANNE SHULMAN,**

    **Plaintiff,**

v.                                                                                                   No. 2:25-cv-00075-JHR-GJF

**BOARD OF EDUCATION OF ALAMOGORDO**
**PUBLIC SCHOOLS DISTRICT #1 and**
**FRANCESCA NUNEZ,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS [DOC. 3]**

THIS MATTER comes before the Court on Defendants' Partial Motion to Dismiss [Doc. 3]. Shulman filed a response [Doc. 7] and Defendants replied [Doc. 9]. Having reviewed the briefing, case record, and applicable law, the Court GRANTS Defendants' motion to dismiss and DISMISSES Shulman's claim for violation of the New Mexico Constitution.

**I.    PROCEDURAL BACKGROUND**

On April 5, 2024, Shulman filed suit in New Mexico state court, pleading breach of contract (Count I), violation of the New Mexico Constitution (Count II), violation of the New Mexico Civil Rights Act ("NMCRA") (Count III), common law retaliatory discharge (Count IV), and violation of the New Mexico Inspection of Public Records Act (Count V). [Doc. 1-1]. Shulman alleged that Alamogordo Public Schools ("APS") unlawfully terminated her contract for the 2022–2023 school year following months of miscommunication about the availability of a remote teaching position. *Id.* at 4–16.

1

On July 29, 2024, Defendants[1] filed a partial motion to dismiss asserting the public employee carveout for the NMCRA precluded Count III. [Doc. 1-3]. Shulman agreed to dismissal, and on October 10, 2024, the state district court entered a stipulated order dismissing Shulman's NMCRA claim and retaliatory discharge claim as well as all Defendants but Nunez and the Board. *Id.* at 11. Defendants filed an answer on October 24, 2024, and Shulman moved unopposed to amend her complaint, which the state court granted. [Doc. 1-4]. Shulman's amended complaint deleted the dismissed defendants, dropped the retaliatory discharge claim, and replaced the NMCRA claim with a 42 U.S.C. § 1983 claim for violation of due process. [Doc. 1-5, at 1, 21, 23].

Defendants removed to this Court on January 27, 2025, citing its federal question subject matter jurisdiction. [Doc. 1]. On February 3, 2025, Defendants filed the instant partial motion to dismiss. [Doc. 3].

## II.     BRIEFING SUMMARY

Defendants argue the Court must dismiss Count II, violation of the New Mexico Constitution [Doc. 1-5, at 18], because Shulman may only bring such claims under the NMCRA. [Doc. 3, at 3]. Since the NMCRA prohibits suits arising from an individual's public employment, Shulman has no cause of action for the alleged violations of her state constitutional rights. *Id.* at 3–4. Shulman responds that her claim does not rely on the NMCRA, which expressly recognizes other remedies may be prescribed by law. [Doc. 7, at 4]. Shulman therefore argues that her claim stands on clear factual allegations that Defendants violated her right to due process under the New Mexico Constitution.[2] *Id.* at 4–5. Defendants reply that Shulman's argument is self-defeating since

---

[1] In Shulman's original complaint Defendants included the Board, APS, and APS records custodians Rachel Burks, Colleen Tagle, and Nunez. [Doc. 1-1, at 1].
[2] Shulman's claim alleges Defendants violated her free speech and due process rights under the state constitution, but her argument focuses on her due process rights. [Doc. 1-5, at 20]; [Doc. 7].

the New Mexico Constitution has no implied private right of action and Shulman fails to cite any other supporting authority. [Doc. 9].

### III.    LEGAL STANDARD

A defendant may move to dismiss part or all of a complaint for failure to state a plausible claim for relief. Fed. R. Civ. P. 12(b)(6). A claim is "plausible" when the court can reasonably infer from the complaint that the defendant is liable for the plaintiff's injuries. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Only factual allegations matter to this determination and the court must disregard the complaint's assumptions, speculation, and legal conclusions. *Truman v. Orem City*, 1 F.4th 1227, 1235 (10th Cir. 2021) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Bledsoe v. Carreno*, 53 F.4th 589, 606–07 (10th Cir. 2022). In addition, while not needing lengthy or detailed facts, the plaintiff must elaborate beyond "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. However, the court must construe the complaint and make all reasonable inferences from it in favor of the plaintiff. *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).

### IV.    ANALYSIS

The New Mexico Constitution provides no inherent right of action against government entities and officials for violating its terms. *Barreras v. N.M. Corr. Dep't*, 2003-NMCA-027, ¶ 24, 62 P.3d 770, 776; *Bolen v. N.M. Racing Comm'n*, 2025-NMSC----, ¶ 12, --- P.3d ----, No. S-1-SC-40427, 2025 WL 1553704, at *3 (June 2, 2025). Thus, a plaintiff's ability to seek relief for her constitutional rights must stem from a source other than the state constitution itself. *See Bolen*, 2025 WL 1553704, at *3.

The Court finds Shulman does not plead a plausible claim for violation of her state constitutional rights because she does not cite authority supporting a right of action. Shulman

3

instead cites school policy and the New Mexico School Personnel Act, NMSA 1978 §§ 22-10A-22 to 22-10A-24, in her amended complaint. [Doc. 1-5, at 18–20]. But Shulman does not argue, nor could the Court find support, that the policy or statutes enable private lawsuits for state constitutional violations. *See Bd. of Educ. of Carlsbad Mun. Schs. v. Harrell*, 1994-NMSC-096, ¶¶ 38–39, 882 P.2d 511, 523 (right of a school employee to continue employment is statutorily created). Beside those sources, Shulman focuses on the NMCRA's provision that "the remedies provided for in the [NMCRA] are not exclusive and shall be in addition to any other remedies prescribed by law or available pursuant to common law." NMSA 1978 § 41-4A-3(E).[3] But the fact that the NMCRA does not preclude other remedies for state constitutional violations does not implicitly create them. *See Bolen*, 2025 WL 1553704, at *3. Therefore, Shulman fails to point to cognizable authority permitting her to bring her claim.

## V.  CONCLUSION

For the reasons above, the Court GRANTS Defendants' motion to dismiss [Doc. 3] and DISMISSES Count II from Shulman's amended complaint.

IT IS SO ORDERED.

_____
Hon. Jerry H. Ritter
United States Magistrate Judge
Presiding by Consent

---

[3] Shulman suggests the motion to dismiss is mooted by her § 1983 claim, [Doc. 7, at 4], but § 1983 only applies to violations of federal law and the U.S. Constitution. 42 U.S.C. § 1983; *e.g.*, *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).